UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOIS A. BEAUSOLEIL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>ELON MUSK, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-02063 (UNA) |

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 1. The Court grants the IFP Application and, for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Massachusetts, sues Elon Musk, Starlink, Tesla Inc, the Department of Government Efficiency, the Social Security Administration, the Internal Revenue Service, the United States Attorney of the District of Columbia, the U.S. Department of Justice, the Federal Bureau of Investigation, the Department of Housing and Urban Development, the Department of Unemployment, the U.S. Department of Labor, the U.S. Department of Health And Human Services, and "any and all hackers affiliated with Elon Musk and Doge." *See* Compl. at 8–10. As to the last set of Defendants, Plaintiff contravenes D.C. Local Civil Rule 5.1(c)(1), which requires a plaintiff filing *pro se* and IFP to provide the full name and address for each party.

The allegations do not fare much better. Plaintiff vaguely alleges that Defendants have gained unauthorized access and then misused and disclosed her "personal information, including but not limited to social security number, tax information, health records, and personal identification data. Also including driver's license, employment records, and anything that can be obtained through Medicaid." *See id*. at 10. She asserts that each Defendant "is sued in their

official and/or individual capacity depending on their role in the unauthorized access or failure to protect Plaintiff's data," *id.*, but she then never specifies the capacity in which each Defendant is sued, nor does she explain at all the role that many of the Defendants had in any wrongdoing, apart from broad allegations that the federal government as a whole failed to protect her, *see id*. at 11, and that Defendants Musk, DOGE, and Starlink "are believed to have maintained a private database using Plaintiff's personal data, accessed through unauthorized means," *id.* at 10, and that the FBI "has Plaintiff's fingerprints on file from employment-related background checks," *id.* at 11, though why that is allegedly unlawful is unclear. Little to no supporting facts are provided, including when these alleged data breaches occurred, or how her personal information was misused. She demands equitable relief and damages. *See id*. at 11–12.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's allegations fall short of providing notice of her claims. Applicable here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still

"must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

    For all of the above reasons, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: August 26, 2025

                                                    /s/
                                               JIA M. COBB
                                    United States District Judge